IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRUCE HOWARD BRYANT**                                                                 **PLAINTIFF**

V.                          CASE NO. 5:18-CV-05004

PACIFIC INVESTMENT MANAGEMENT
COMPANY; JOHN P. HARDAWAY;
BRENT R. HARRIS; ROBERT D. ARNOTT;
and CHRISTOPHER J. BRIGHTMAN                                                     **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Bruce Howard Bryant filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

In the Complaint (Doc. 1), Plaintiff alleges he is a "pre-1933 private American national citizen of the United States" residing in Kingman, Arizona. He has named as Defendants Pacific Investment Management Company, LLC, John P. Hardaway, Brent R. Harris, Robert D. Arnott, and Christopher J. Brightman. Plaintiff does not allege the citizenship of any of the named Defendants.

Plaintiff maintains the Court has jurisdiction over this case by virtue of Article III, Section 2, Clause 1 of the United States Constitution.

According to the allegations of the Complaint, President Franklin D. Roosevelt, in his capacity as Commander in Chief, declared a national emergency on March 6, 1933, under a World War I statute known as the Trading with the Enemy Act. On March 9, 1933, Congress passed an Emergency Banking Relief Act. Plaintiff alleges that the Emergency Banking Relief Act amended the Trading with the Enemy Act, making every person in the United States, or subject to the jurisdiction thereof, an enemy. Every "enemy" was subject to the military jurisdiction of the United States and could be given "military due process of law with flags that are in fact military colors on display in every federal district court and state court of the 'United States.'" *Id.* at 4. Plaintiff further alleges that he is now a "Beneficiary, the Defendant the Trustee of a[n] express trust, under the great Grantor Trust of Protestant and Baptist American liberty known as the 'Constitution for the United States of America.'" *Id.* at 6. He demands a "full accounting of all assets and property regarding CUSIP #72200Q1821 ... TREASURY POST REGISTE[R]ED ACCOUNT 7001 2510 2710 4728, Arkansas UCC Financing statement #03-1259035411 and 5; 92 CR50020-ALL." *Id.* at 7. He also contends that Pacific Investment Management Company is trading his property "using CUSIP: 72200Q182." *Id.* at 8. He asks that Pacific Investment Management Company be ordered to appear in person and answer for the breach of trust. Plaintiff does not mention the other named Defendants in the body of the Complaint.

## II. DISCUSSION

The Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction. *See, e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See, e.g., Sw. Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Continental Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

Here, Plaintiff alleges that Article III, Section 2, Clause 1 of the Constitution provides jurisdiction. Article III does not vest jurisdiction in the inferior courts. As the Supreme Court stated in *Kline v. Burke Const. Co.*, 260 U.S. 226 (1922):

> [t]he effect of these provisions is not to vest jurisdiction in the inferior courts over the designated cases and controversies but to delimit those in respect of which Congress may confer jurisdiction upon such courts as it creates. Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress.

*Id.* at 233-34. Plaintiff must therefore point to some statutory grant of jurisdiction over his case.

Plaintiff has not alleged the necessary requirements for diversity of citizenship. 28 U.S.C. § 1332. The parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff has not alleged the citizenship of any of the Defendants.

Plaintiff must therefore point to some statutory grant of federal question jurisdiction over his case. The federal district courts are vested with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not made any allegations that appear to form the basis for federal question jurisdiction.

The Supreme Court has further held that federal courts may not entertain claims if they are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly

insubstantial, obviously frivolous, or plainly insubstantial." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted). This is precisely the case here. The allegations in the Complaint are nonsensical, and the Court is unable to discern what, if any, causes of action are being asserted.

### III. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous and fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED** on this 16th day of February, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE